ALICE E. BERGER, PLAINTIFF-APPELLANT, v. INTER-
STATE BUILDING AND LOAN ASSOCIATION, A CORPO-
RATON, DEFENDANT-RESPONDENT.

Argued October 19, 1938—Decided January 13, 1939.

For the plaintiff-appellant, *Milton M. Unger* and *Abraham
I. Mayer*.

For the defendant-respondent, *Philip Klein*.

The opinion of the court was delivered by

CASE, J.   The appeal is from a judgment in the Supreme
Court dismissing plaintiff's complaint and awarding the

defendant the sum of $1,890, and costs, on its counter-claim. The judgment followed an order, made upon *ex parte* affidavits, striking plaintiff's reply to defendant's answer and plaintiff's answer to defendant's counter-claim upon the ground that the same "are in part sham and in part frivolous." We have not the benefit of an opinion by the court below and are not informed as to what part is sham or what part is frivolous.

Plaintiff sued on the defendant's promissory note, regular on its face and carrying interest at five per centum per annum, in the amount of $11,100. The answer denied *in toto* the truth of the matters contained in the complaint and set up nine separate defenses to which was appended a counter-claim in the amount of $1,890. It is clear, however, that the blanket denial of the plaintiff's complaint was not justified inasmuch as defendant was and is admittedly indebted to plaintiff on two transactions, conceded to be loans, aggregating $2,700 plus interest.

The disputable question, involving both law and fact, is whether $8,400 of the amount sued for is owing to plaintiff as a shareholder or as a creditor, and if as a shareholder then whether defendant may recover on its counter-claim the sum of $1,890 for interest paid thereon under the assumption that it was a loan. It is the contention of the respondent that the $8,400 represented a shareholder's interest and not a debt and that the plaintiff could not recover as to it and that the interest paid thereon by the defendant was recoverable under the latter's counter-claim. But, even if we assume that contention to be sound, there remains the plaintiff's legitimate loan for $2,700 of which no recognition was taken in the striking of the pleadings or in the entry of judgment, and this error alone would require a reversal.

Beyond that we find that the transactions wrapped up in the $8,400 claim, although clouded factually with doubt, nevertheless are not so clearly resolved against the plaintiff as to justify the striking of the complaint. Plaintiff actually placed with the defendant, in several different sums, the aggegrate of $8,400 which the defendant contended, in its

pleadings and on the motion, with sustaining affidavit, was not a loan but was in purchase of the defendant's income shares. The plaintiff, however, contended and submitted proof to the effect that she had advanced that sum of money as a loan and that the defendant's shares, which were in fact delivered to her, were delivered as security and not as something purchased. Later, in October of 1932, the defendant definitely recalled the certificates, gave in their stead its promissory note in the amount of $8,400 bearing five per cent. interest, and denominated the transaction a loan. The interest thereon was paid regularly, $210 every six months, until and including May 17th, 1937, aggregating $1,890, the subject-matter of the counter-claim *supra*. Still later, September 15th, 1936, defendant recalled the $8,400 note and the notes aggregating $2,700 and gave in lieu thereof the note for $11,100 now in suit. It is said by the respondent that the affidavit submitted by plaintiff on the character of the $8,400 transaction runs counter to the wording on the face of the certificates which she accepted, that the affidavit thus becomes an attempt to alter or vary the terms of a written contract by parol, and that therefore, under the rule stated in *Naumberg* v. *Young*, 44 *N. J. L.* 331, legal effect may not be accorded to it. The rule, as the cited decision itself says, is one of evidence. Whether equivalent proofs would be admissible at the trial remains to be seen; we think that justice is not served by strict application of the rule to the situation which arises on a clash of affidavits, taken *ex parte,* in so informal a proceeding as a motion to strike. Evidence which is not available under our practice on the motion may be compelled by subpœna at the trial. It is the opportunity to go to trial and to put in her formal case for which the plaintiff is now contending. If an issue of fact is exhibited, the parties tendering it cannot be deprived of a trial in the ordinary mode. *Louis Kamm, Inc.,* v. *Flink et al.,* 113 *Id.* 582. It is not the function of a court, on a motion to strike a pleading because sham, to determine which of the parties is telling the truth. *Solomon* v. *Salins,* 108 *Id.* 214. It is for the court, in such a case, to decide whether an issue

of fact is presented by the pleadings and supported by the proofs and not to try the issue. *Central Bank and Trust Co.* v. *Forest Hill Foundry,* 15 *N. J. Mis. R.* 39. We consider that the informality of the proceedings and the *ex parte* character of the proofs place the court in a less favorable position for striking a pleading because of factual insufficiency on preliminary motion than it would later occupy for granting a nonsuit or directing a verdict on a comparable showing of facts at the trial.

On the holding that plaintiff's pleading was in part frivolous, we repeat that we are not told what part was frivolous and we add that on a motion to strike because of alleged insufficiency of law the truthfulness of the pleading is assumed. The rule is stated thus in *Milberg* v. *Keuthe,* 98 *N. J. L.* 779: "A frivolous answer is always assumed to be true, while a sham answer must be admittedly false or conclusively proved to be so; the character of the former is determined by mere inspection, while that of the latter is usually determined by proof *aliunde.*" The pleading that was found faulty sets forth the substance of the plaintiff's contentions and proofs as outlined above. If it be true, as alleged in the pleading, that the various sums aggregating $8,400 were advanced as loans, that the share certificates were given merely as security to the repayment of the loans and were later recalled and that the note presently sued upon is but a composite one, every dollar of which is upon a like sum loaned to the defendant and still unpaid, we are unable to perceive the legal insufficiency of the claim. If the plaintiff loaned a sum of money to the defendant and unlawfully received as security the defendant's share certificates, the illegality goes to the certificates only and not to the right of the plaintiff to recover independently of them. The certificates were recalled and canceled and are not now the subject of suit; although this does not, and for present purposes need not, conclusively determine the nature of the original transactions.

The judgment below will be reversed, costs to abide the event.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.